IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GARY E. DANIELS, SR., | ) | Case No. 1:22-cv-1373 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| CORECIVIC, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | **REPORT & RECOMMENDATION** |
| | ) | |

Before the court are defendant Annette Chamber Smith's Rule 12(b)(6) motion to dismiss (ECF Doc. 33), and plaintiff Gary E. Daniels, Sr.'s Rule 21 motion to dismiss the claims against defendant Smith (ECF Doc. 35). For the reasons below, it is recommended that plaintiff's Rule 21 motion to dismiss be GRANTED, the claims against Smith be DISMISSED WITH PREJUDICE, and Smith's Rule 12(b)(6) motion to dismiss be DENIED as MOOT.

**I.    Background**

On September 29, 2023, Daniels filed an amended complaint against CoreCivic, Inc., Douglas Fender, warden of Lake Erie Correctional Institution, Shannon Swanson, M.D., and Smith, Director of the Ohio Department of Rehabilitation and Correction. ECF Doc. 27. Daniels alleged, in relevant part, that: (i) before early 2017, Dr. Swanson informed Daniels that he had an enlarged prostate and rising "Prostate Specific Antigen" levels; (ii) in early 2017, a doctor at the Ashtabula County Medical Center determined that Daniels needed a biopsy and scheduled a procedure; (iii) before the procedure could take place, Daniels was transported back

to the Lake Erie Correctional Institution and a biopsy was not rescheduled until 2022; (iv) in early 2022, Daniels had a biopsy and MRI exam which revealed that he had "one part level one cancer and three parts level two cancer in his prostate"; and (v) Daniels underwent radiation treatment that was completed on May 27, 2022 and is still recovering from the treatment's effects. *Id.* at 2-4. The amended complaint asserted three causes of action: (i) a 42 U.S.C. § 1983 claim against all the defendants for violations of the Eighth Amendment (Count One); (ii) a claim for a permanent injunction against CoreCivic, Inc. and Swanson, which would order them to address the serious medical needs of inmates without unnecessary delays (Count Two); and (iii) a claim for a declaratory judgment against all the defendants, which would declare their actions unconstitutional (Count Three). *Id.* at 5-7.

On November 8, 2023, defendant Smith filed a motion to dismiss all claims against her for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). ECF Doc. 33. Smith argues that: (i) Eleventh Amendment immunity bars the claims against her in her official capacity; (ii) Daniel's claims are otherwise barred by the statute of limitations; (iii) the pleadings do not allege any facts that establish Smith's personal involvement in the actions underlying this case; and (iv) Smith cannot be held liable for the actions of her employees solely under a theory of respondeat superior. *Id.* at 4-8.

On December 5, 2023, Daniels filed a Fed. Civ. R. P. 21 motion to dismiss all claims against Smith with prejudice. ECF Doc. 35. No other party has filed a response or objection to Daniels's Rule 21 motion as of the issuance of this report and recommendation.

**II. Discussion**

Rule 21 provides that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. "Although Rule 21 expressly concerns

2

'severing' claims, . . . Rule 21 gives the Court discretion to both sever and dismiss claims 'on just terms.'" *Dix v. Atos IT Sols. & Servs. Inc.*, No. 1:18-cv-275, 2021 U.S. Dist. LEXIS 56632, at *9 (S.D. Ohio Mar. 25, 2021) (internal citations omitted). Unless the parties state otherwise, dropping a party under Rule 21 means that party is dropped without prejudice. *See Michaels Bldg. Co. v. Ameritrust Co. N.A.*, 848 F.2d 674, 682 (6th Cir. 1988). Here, Daniels's motion seeks dismissal of the claims against Smith *with* prejudice. ECF Doc. 35. Because "dropping less than the entirety of an action . . . risks prejudice to the other parties[,]" remaining parties are typically afforded an opportunity to respond before a court rules on a Rule 21 motion. *See Bey v. McCandless*, No. 1:22-cv-00554, 2023 U.S. Dist. LEXIS 55598, at *10-11 (N.D. Ohio Mar. 30, 2023) (citing *United States ex. rel. Doe v. Preferred Care, Inc.*, 326 F.R.D. 462, 465 (E.D. Ky. 2018); *Baldwin v. Boeing Co.*, No. 1:19-cv-02400, 2021 U.S. Dist. LEXIS 260178, at *11 (N.D. Ohio Feb. 18, 2021).

The defendants have not responded to or opposed Daniels's Rule 21 motion to dismiss. Smith, who has already moved to dismiss the claims against herself, ECF Doc. 33, would not be prejudiced if the court were to grant the Rule 21 motion and dismiss the claims against her with prejudice. Moreover, it is hard to imagine that the remaining defendants would be prejudiced by such a dismissal, particularly given the early stage of this litigation and no indications that Smith is a necessary party for this action to proceed.[1] On the facts presented, the undersigned finds that there will be no prejudice to any party if Daniels's Rule 21 motion were granted. Accordingly, it is recommended that the Rule 21 motion (ECF Doc. 35) be GRANTED. Because the claims

---

[1] As noted in Smith's motion to dismiss, the amended complaint does not allege any facts that demonstrate Smith had any personal involvement in this matter nor does it allege any personal misconduct by Smith. ECF Doc. 33 at 6-8; *see generally* ECF Doc. 27.

against Smith will be dismissed with prejudice, Smith's Rule 12(b)(6) motion to dismiss (ECF Doc. 33) should be DISMISSED as MOOT.

## III. Conclusion

Because no party has objected and there appears to be no potential prejudice to the remaining defendants, it is recommended that: (i) Daniels's Rule 21 motion to dismiss (ECF Doc. 35) be GRANTED; (ii) the claims against Smith be DISMISSED WITH PREJUDICE; and (iii) Smith's Rule 12(b)(6) motion to dismiss (ECF Doc. 33) be DENIED as MOOT.

Dated: December 27, 2023

Thomas M. Parker
United States Magistrate Judge

---

### Objections, Review, and Appeal

Within 14 days after being served with a copy of this report and recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge.  Rule 72(b)(2), Federal Rules of Civil Procedure; *see also* 28 U.S.C.§ 636(b)(1); Local Rule 72.3(b).  Properly asserted objections shall be reviewed de novo by the assigned district judge.

\* \* \*

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation.  *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019).  Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 U.S. Dist. LEXIS 100383, \*6 (W.D. Ky. June 15, 2018) (quoting *Howard*).  The failure to assert specific

objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).